Submitted on record and briefs April 6, affirmed April 26, reconsideration denied May 26, petition for review denied June 22, 1976

BARRY, *Appellant,*

*v.*

THE BANK OF CALIFORNIA et al, *Respondents.*

(No. 420-997, CA 5510)

548 P2d 997

Jeffery James Barry, Portland, filed the briefs pro se.

Scott M. Kelley, Portland, filed the brief for respondent Bank of California, N.A. With him on the brief were Gearin, Cheney, Landis, Aebi & Kelley, Portland.

No appearance by respondent First National Bank of Oregon.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

FOLEY, J.

## FOLEY, J.

Claimant contends that glaucoma and cataracts from which he suffers arose from his work situation. His claim was initially denied by his employer and then denied by the hearings referee, the Workmen's Compensation Board and the circuit court. Claimant now appeals to this court.

On this de novo review we adopt as our own the following pertinent portions of the decision of the Workmen's Compensation Board:

"* * * Claimant alleged his condition of glaucoma and cataracts had been aggravated by his employment which caused tension, sleeplessness and anxiety. He also contended that overwork brought on by excessive periods of overtime, inability to get along with his fellow employees and frustration with his employer for allegedly not fulfilling promises to promote him aggravated his condition.

"Claimant is 63 years old; he was employed by the Bank of California in San Francisco in 1960 and continued until 1965 when he was transferred to the Portland Branch doing the same type of work, i.e., running an IBM proof machine for sorting checks.

"Dr. Paul J. Robinson, an eye specialist, first examined claimant in 1969. At that time, claimant told him he had glaucoma for ten years prior thereto. Dr. Robinson did not feel that claimant's condition was work related; he did not believe normal stress would cause or aggravate glaucoma. Dr. Robert E. Fischer and Dr. C. A. Christensen, also eye specialists, were of the opinion that glaucoma could be hereditary or could be caused through normal aging processes.

"Causation of cataracts and glaucoma and the matter of aggravation of such would certainly fall within the area of expert medical testimony. Complicated medical matters are solved by medical testimony. *Uris v. Compensation Department,* 247 Or 420 [427 P2d 753, 430 P2d 861 (1967)]. In this case the consensus of medical testimony was that the glaucoma suffered by claimant was not aggravated by tension. Further, there is not sufficient evidence that claimant's occupation at the Bank of California caused or aggravated his glaucoma and

cataracts in any manner. The Referee concluded that claimant had failed to sustain the burden of proving an occupational disease against either the Bank of California or the First National Bank of Oregon which, upon motion of the former's attorney, was joined as a necessary party prior to the hearing."

In its opinion denying compensation, the circuit court pointed out that:

"* * * None of the doctors express an opinion that it is medically probable that Claimant's glaucoma has been aggravated by his occupation, and most of them express the opinion that this has not been the case. * * *"

We can only likewise conclude that claimant has failed to establish the requisite causal connection between his work situation and his unfortunate eye condition.

Affirmed.